

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# Spotswood v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Spotswood v. Comm Social Security" (2005). *2005 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4160

_____

BEVERLY SPOTSWOOD,

Appellant
v.

COMMISSONER OF SOCIAL SECURITY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-05515 )
District Judge: Honorable Joel A. Pisano

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 28, 2005

Before: ROTH, RENDELL and BARRY, Circuit Judges

(Opinion filed December 16, 2005 )

_____

OPINION

_____

**ROTH**, Circuit Judge:

This appeal is from the judgment of the District Court, affirming the denial by the

Commissioner of the Social Security of Beverly Spotswood's claim for Social Security

1

Income (SSI), based on a disability. Spotswood contends that the denial is not supported by substantial evidence.

We have jurisdiction over this appeal from the District Court's final order awarding summary judgment to the Commissioner pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). The detailed history and facts of the case are presented in the District Court's opinion and will only be summarized here. See Spotswood v. Barnhart, No. 03-5515 (D.N.J. filed August 30, 2004).

Our review of the District Court's order is plenary, but we may reverse the grant of summary judgment to the Commissioner only if we conclude that the Administrative Law Judge's (ALJ) findings were not supported by substantial evidence. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is that evidence that "a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (internal citations omitted).

The disability standard requires evidence of a medically determinable impairment that is so severe as to prevent an individual's performance of any substantial gainful activity which exists in the national economy. 42 U.S.C. § 423 (d)(1)(A). Spotswood claims that she suffers from multiple ailments, including pain in her lower back and legs, a lack of concentration, and depression, which constitute a disability and thus preclude her from working. The ALJ determined at the hearing that although the back pain, leg pain, and depression qualified as severe under the regulations, they did not qualify as a

2

disability because they were not impairments listed in the regulations. In addition, the ALJ determined that, although Spotswood could no longer perform work similar to her prior sedentary jobs, she did retain the residual functional capacity to perform light work. See 20 C.F.R. § 416.967(b). Thus, Spotswood was found not disabled by the ALJ and she was subsequently denied benefits. That decision by the ALJ became the Commissioner's final decision under 42 U.S.C. § 405(g).

Following the denial of benefits, Spotswood filed suit in the U.S. District Court, seeking to overturn the ALJ's decision. Spotswood argued that the ALJ's decision was not based on substantial evidence, and specifically that the ALJ committed errors at steps two through five of the evaluation. The District Court addressed Spotswood's arguments and found that substantial evidence supported the ALJ's determination. Spotswood then filed a timely appeal.

We conclude that the ALJ's decision that Spotswood was not entitled to SSI benefits is supported by substantial evidence. In making his determination, the ALJ reviewed all of the medical evidence. The ALJ noted that much of the evidence dates to well before the alleged onset of the disability. Also, an MRI of the lower back revealed no evidence of herniated discs, which directly contradicted Spotswood's testimony. Additionally, the ALJ found no objective evidence to support Spotswood's claims that she cannot walk by herself or stand for more than fifteen minutes. Finally, the ALJ referred to the psychotherapist's notes, which indicated that Spotswood had suffered from

3

single episode depression and that her recovery from that episode was enough for her to return to work. Spotswood stopped attending the therapy sessions after she indicated that she was returning to work on a part time basis. Id.

The ALJ's finding that Spotswood retained the residual functional capacity for light work is also supported by substantial evidence and was thus proper. In addition to the evidence noted above, the ALJ considered Spotswood's own account of her daily abilities and activities, and the findings of the state agency physicians who reviewed the medical records. The ALJ then concluded that Spotswood was capable of performing simple, routine tasks, while avoiding most contact with pollutants, co-workers, and the public. Once the ALJ made this determination, he properly questioned the vocational expert who confirmed that 90,000 of those jobs existed regionally, and over 360,000 jobs existed nationally.

Because the ALJ properly considered all the evidence and because substantial evidence exists to support the ALJ's decision, we will affirm the District Court's grant of summary judgment in favor of the Commissioner.